IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAMUEL TURNER, # 144302,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 2:12cv974-TMH |
| ) | (WO) |
| LEEPOSEY DANIELS, *et al.*,   ) | |
| ) | |
| Respondents.   ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 7, 2012, this court entered an order directing the petitioner, Samuel Turner ("Turner"), to either submit the $5.00 filing fee on or before November 28, 2012, or file by that same date an appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* in this action for habeas corpus relief under 28 U.S.C. § 2254.[1]  Doc. No. 2 at 1.  At that time, Turner was specifically cautioned that his failure to comply with the court's order would result in a recommendation that this action be dismissed.  *Id*. at 2.

Thereafter, without complying with or responding to the court's order of November 7, 2012, Turner filed a document with this court dated November 12, 2012, in which he stated, in pertinent part, "Please omit or dismiss filing status in Case No. 2:12-cv-974-TMH."  Doc. No. 3 at 1.  That document was docketed by the court on November 15, 2012, as a

---

[1] Turner was also advised that if he sought leave to proceed *in forma pauperis*, he must file a prison account statement from the account clerk at the Elmore Correctional Facility containing the account clerk's certified statement of the balance in Turner's prison account at the time he filed his habeas petition.  Doc. No. 2 at 1.

Motion to Dismiss. *See* Doc. No. 3. However, because it was unclear whether Turner was indeed seeking dismissal of his action, this court entered an order on November 19, 2012 (Doc. No. 4), informing Turner of the potential consequences of dismissal of his action and directing Turner to advise the court on or before December 4, 2012, whether he wished to maintain his apparent request that his action be dismissed.

The requisite time has passed, and Turner has failed to comply with either the court's order of November 7, 2012 (Doc. No. 2), or the court's order of November 19, 2012 (Doc. No. 4).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petitioner's Motion to Dismiss this action (Doc. No. 3) be GRANTED; and

2. This action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).

Alternatively, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED without prejudice for the petitioner's failure to comply with the orders of this court.

It is further

ORDERED that on or before **February 1, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of January, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE